IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br><br>vs.<br><br>PEDRO LUIS DE JESUS-ORTIZ,<br>*Defendant*. | Case No. 24-46 (RAM) |

## MOTION REQUESTING UNSEALING ORDER

TO THE HONORABLE RAÚL ARIAS MARXUACH
UNITED STATES DISTRICT COURT JUDGE
FOR THE DISTRICT OF PUERTO RICO:

Mr. Pedro Luis De Jesus-Ortiz ("Mr. De Jesus"), represented by the Federal Public Defender for the District of Puerto Rico, through the undersigned counsel, respectfully moves the Court for an order unsealing the prosecution's motion at docket entry 78 or, alternatively, re-designating the restriction level as "selected parties," stating as follows:

On February 24, 2025, the prosecution requested an order at docket entry ("DE-[...]") 78 and moved to restrict the document using the "*ex-parte*" viewing restriction, asserting that "[t]he document filed at ECF No. 78 discloses law enforcement sensitive information[.]" DE-79 at 1. It further states that, "based on the nature of its content, the interest in restricting information contained [*sic*] the document filed at ECF No. 78 outweighs the presumption of public access." DE-79 at 1. The Court granted the prosecution's request for the *ex-parte* viewing restriction. DE-81 (Order).

Mr. De Jesus now requests that the Court unseal the prosecution's motion at docket entry 78 or, alternatively, reclassify the restriction level of the document using the "selected parties" feature so that the defense can have access to it before sentencing. It

should be noted that Standing Order No. 9, which provides procedures for restricted filing and viewing levels, advises that "[p]rocedures in federal courts are characteristically public in nature" and that there is a "presumption of public access." Standing Order No. 9 (ADC) at 2, 4.

The prosecution's filing at DE-78, moreover, occurred a mere eight days before sentencing in this case. To the extent that it may contain new information that the Court might consider at sentencing and that was not included in the presentence investigation report, Mr. De Jesus should be entitled to that information. *See United States v. Berzon*, 941 F.2d 8, 21 (1st Cir. 1991) ("[N]otwithstanding the wide scope of the sentencing court's discretion, a defendant may not be placed in a position where, because of his ignorance of the information being used against him, he is effectively denied an opportunity to comment on or otherwise challenge material information considered by the district court"); *United States v. Reyes-Correa*, 81 F.4th 1, 8 (1st Cir. 2023) ("[W]e have held that Rule 32.1 and the Due Process Clause of the United States Constitution require that a defendant be apprised of the information to be relied on in sentencing and an opportunity to challenge and rebut such information" (cleaned up)).

Accordingly, Mr. De Jesus requests that the Court unseal the prosecution's motion at DE-78 or reclassify the viewing restriction to "selected parties" for the reasons set forth above.

I HEREBY CERTIFY that on this date I electronically filed the present notice with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 4th day of March, 2025.

**Rachel Brill**
**Federal Public Defender**
**District of Puerto Rico**

***S/Samuel P. Carrión***
Samuel P. Carrión
Assistant Federal Public Defender
USDC-PR No. 3214
241 F.D. Roosevelt Ave.
San Juan, P.R. 00918-2441
(787) 281-4922/ Fax (787) 281-4899
E-mail: samuel_carrion@fd.org